# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARRY OUTTERBRIDGE, <br> *Plaintiff* | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | |
| JOHN DOE *et al.*, <br> *Defendants* | : <br> : <br> : | No. 21-0851 |

## ORDER

AND NOW, this 12th day of August, 2022, upon consideration of the Court's Order of September 17, 2021 requiring parties to submit a status report to the Court (Doc. No. 10), the Court's June 29, 2022 Order requiring Plaintiff to submit a status report to the Court (Doc. No. 12), and Plaintiff having failed to file such status report, it is **ORDERED** that the above-captioned litigation is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute, and the Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics. *See Semulka v. Doe*, 373 F. App'x 138, 140 (3d Cir. 2010) ("Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action sua sponte if a litigant fails to prosecute his case or to comply with a court order.").[1]

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] Mr. Outterbrook filed his *pro se* complaint in February 2021. The U.S. Marshal attempted service on July 30, 2021, but could not serve the defendants because Mr. Outterbridge had not identified them with sufficient specificity. On September 17, 2021, the Court ordered the parties to submit a status update in writing to the Court by October 22, 2021. Doc. No. 10. No such report was filed with the Court. On June 29, 2022, the Court ordered Plaintiff to submit a written status update by July 13, 2022. Doc. No. 12. A copy of that June 29, 2022 Order was unable to be forwarded to Mr. Outterbook. It is Mr. Outterbrook's responsibility to prosecute his case and, at the least, inform the Court of a change in address.

The Court need not consider the six balancing factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), before it dismisses the case, as the Court dismisses this matter without prejudice. *Choi v. Kim*, 258 Fed. App'x. 413, 416 n.5 (3d Cir. 2007).